### LOCKWOOD *v.* CUTTER TOWER CO.

*(Circuit Court, D. Massachusetts. April 29, 1882.)*

1. PATENTS FOR INVENTIONS—KNOWN PROCESS—PRODUCTION PATENTABLE.

    An article produced by a process which was previously known, but used for a somewhat different purpose and with different results, is patentable.

2. SAME—ANTICIPATION—PENDING SUITS—PRACTICE.

    Where the question of anticipation is raised, and three different and variant decisions were shown and an interference declared, and the decision of the district court was pending on appeal to the circuit court, this court will retain the bill until the trial of the former suit, and decision upon the question is rendered.

In Equity.

*Causten Browne*, for complainant.

*Stillman B. Allen* and *Willis B. Allen*, for defendant.

Before LOWELL, C. J., and NELSON, D. J.

LOWELL, C. J. The plaintiff applied for a patent, June 24, 1875, which was granted September 7, 1875, No. 167,455, for a new article of manufacture, "a rubber eraser, having soft-finished erasive

surfaces, all substantially as described." The specification declares that the blocks of India rubber,—that is, vulcanized India rubber,—as usually made at that time, did not operate properly to remove the lead-pencil marks until the glazed or hardened or smoothed surface was worn off; and that the object of the invention was to produce a soft, velvet-like, erasing surface. This is to be done by placing a number of blocks of suitable size and shape in a barrel or box, which is rapidly revolved until the required surface is produced. This operation, which is called tumbling, was applied to manufactures of India rubber before the date of the patent, but for a somewhat different purpose, and with somewhat different results. It seems to us, as at present advised, that the article·produced by this process was patentable.

The answer avers that Levi L. Tower, president of the defendant company, made the invention himself and gave it to the plaintiff; but the evidence does not support this defence.

Another alleged anticipation is that of Francis H. Holton. Holton applied June 9, 1877, to have this invention patented to him, alleging that he had made it earlier than Lockwood. An interference was declared, and three different and variant decisions were made. The examiners held that Holton had not proved himself to be the first inventor; the commissioner held that he had, but had permitted his invention to go into public use more than two years before his application; the district court decided that Holton had not permitted such public use. A patent was accordingly issued October 19, 1880, more than three years after the application, and the patent is now the property of Orestes Cleveland, of Jersey City. November 2, 1880, the plaintiff filed his bill in the circuit court of the United States for the district of New Jersey against Orestes Cleveland, to repeal the Holton patent, alleging that Lockwood was himself first to invent the article, and that the invention was in public use more than two years before Holton's application.

We consider that our duty will be best performed by retaining this bill, without deciding the issues between the present contestants, until the plaintiff has had an opportunity to try his case against Cleveland; for the reason that the suit in New Jersey must, in all probability, bring about a final decision between the owners of the conflicting patents,—a result which can hardly be expected to follow from any decree which we may give in this case. If we should hold that Lockwood was the first to make this invention, Cleveland would not be bound by our decision; and if we should hold that Holton

was the first in the field, there would still remain the question whether Lockwood had not put the invention into public use more than two years before Holton applied for his patent. Upon this record it is clear that he did; but the question is not one of the issues in this case, and therefore it would be unfair to take this record as the final one upon the point.

Ordered accordingly.